IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| ESCP CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHARTER OAK FIRE INSURANCE COMPANY,<br><br>　　　Defendant. | LAW NO. _____<br><br>**PETITION AT LAW AND JURY DEMAND** |
|---|---|

**COMES NOW** the Plaintiff, ESCP Corporation, by and through its undersigned counsel, and for its Petition at Law, states as follows:

## PARTIES

1. Plaintiff ESCP Corporation is a corporation organized under the laws of the state of Illinois with its principal place of business at 1833 W. 2nd Street, Davenport, Iowa.

2. At all relevant times, Charter Oak Fire Insurance Company (hereinafter referred to as "Charter Oak") was an insurance company authorized to do business in the state of Iowa, it is incorporated in Connecticut, and has its principal place of business in Connecticut.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are appropriate in this Court because the matters complained of herein exceed the jurisdictional minimum requirements of the Court and the events complained of herein occurred in whole or in part in this judicial district.

## FACTUAL BACKGROUND

4. Defendant Charter Oak issued to Plaintiff a commercial insurance policy, Policy Number Y-630-5C660886-COF-15 (herein referred to as "the Policy"), with effective dates of 12/31/15 to 12/31/16.

EXHIBIT A

001

5. The Policy insured Plaintiff's business located at 1833 W. 2nd Street, Davenport, Iowa.

6. By virtue of the Policy, Defendant Charter Oak agreed to pay Plaintiff for covered losses up to the respective coverage limits, which result from accidental direct physical loss resulting from, *inter alia*, fire.

7. On November 18, 2016, a fire occurred at ESCP Corporation at 1833 W. 2nd Street, Davenport, Iowa.

8. The fire caused extensive damage to the system used to heat 1833 W. 2nd Street, Davenport, Iowa 52802.

9. On November 21, 2016, Plaintiff submitted a claim under the Policy for a fire loss at its premises (hereinafter referred to as the "fire loss") and Defendant Charter Oak was put on notice of the fire loss.

10. Thereafter, Defendant Charter Oak proceeded to conduct an investigation of the fire loss.

11. As part of that investigation, on December 5, 2016, an agent and/or representative of Defendant Charter Oak completed an inspection concerning the fire loss.

12. On December 27, 2016, Defendant Charter Oak notified Plaintiff it would be issuing an actual cash value payment of $9,700.00 to Plaintiff for the damages that resulted from the fire loss.

13. On December 27, 2016, Defendant Charter Oak also notified Plaintiff of the process for obtaining "recoverable depreciation" in the amount of $132,300.00, promising that these funds could be obtained by Plaintiff pursuant to the Policy once: "You sign the quote for replacement and you have the contractor sign it as well. You then send me a copy of the quote signed by both parties."

14. In reliance on Defendant's promise to pay recoverable depreciation and in accordance with the requirement communicated by Defendant, on or about January 10, 2017, Plaintiff entered into a contract with Ryan & Associates for a heating system to replace the fire-damaged heating system and sent a copy of this contract to Defendant Charter Oak.

15. Defendant Charter Oak continued to adjust and pay portions of the loss, during the period of January 10, 2017 to January 17, 2017 and made numerous affirmative representations that there was coverage under the Policy for the fire loss.

16. Despite the numerous affirmative coverage representations that were made by Defendant Charter Oak, on or about February 22, 2017, Defendant Charter Oak notified Plaintiff that it was denying coverage for the fire loss.

## COUNT I: BREACH OF CONTRACT

17. Plaintiff re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. The Policy constitutes a valid and legally enforceable contract between Plaintiff and Defendant Charter Oak.

19. The Policy provides coverage for the fire loss submitted on November 21, 2016.

20. Plaintiff has been in full compliance with all of its duties and obligations under the Policy.

21. As a result of Defendant Charter Oak's refusal to provide coverage under the Policy for the fire loss, Defendant Charter Oak is in breach of the Policy.

22. As a direct and proximate result of Defendant Charter Oak's breach of the Policy, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully prays that a judgment be entered in Plaintiff's favor and against Defendant Charter Oak for all amounts due and owing to Plaintiff, as provided by law.

## COUNT II: EQUITABLE ESTOPPEL

23. Plaintiff re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. Throughout the course of its dealings with Plaintiff following the fire loss, Defendant Charter Oak made multiple representations to Plaintiff, which turned out to be false, indicating that Defendant Charter Oak would be providing coverage under the Policy for the fire loss.

25. Based upon these affirmative representations of coverage, Plaintiff understood that Defendant Charter Oak would provide coverage under the Policy and Plaintiff was not made aware that Defendant Charter Oak would deny coverage under the Policy.

26. Defendant Charter Oak intended for Plaintiff to act upon its representations that there would be coverage for the fire loss.

27. Plaintiff did in fact rely upon Defendant Charter Oak's representations.

28. As a result of relying upon Defendant Charter Oak's representations, Plaintiff has been prejudiced, injured, and has incurred damages.

29. Based on the foregoing, Defendant Charter Oak must be estopped from now contending there is no coverage for the fire loss.

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered in Plaintiff's favor and against Defendant Charter Oak for all amounts due and owing to Plaintiff, as provided by law.

## COUNT III: ESTOPPEL BY ACQUIESCENCE

30. Plaintiff re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. At all relevant times, Defendant Charter Oak had full knowledge of its rights and duties under the Policy.

32. At all relevant times, Defendant Charter Oak had full knowledge of all material facts related to the fire loss.

33. Despite having full knowledge of its rights and the material facts, Defendant Charter Oaks failed to notify Plaintiff of its declination of coverage for a considerable amount of time.

34. Throughout the course of its investigation, Defendant Charter Oak acted in a manner that led Plaintiff to believe there was coverage under the Policy and, in fact, affirmatively represented to Plaintiff that there was coverage under the Policy for the fire loss and the damage sustained by Plaintiff as a result thereof.

35. Based on the foregoing, Defendant Charter Oak must now be estopped from now contending there is no coverage for the fire loss.

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered in Plaintiff's favor and against Defendant Charter Oak for all amounts due and owing to Plaintiff, as provided by law.

### JURY DEMAND

Plaintiff demands a jury trial on issues that may be properly tried to a jury.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____
Thomas M. Boes  AT0001048
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Phone: (515) 246-5813
Fax: (515) 246-5808
E-Mail: boes.thomas@bradshawlaw.com

ATTORNEY FOR PLAINTIFF ESCP CORPORATION

E-FILED  2017 JUL 14 11:06 AM SCOTT - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

Case Number: LACE129162

| | |
|---|---|
| ESCP CORPORATION,<br>Plaintiff(s),<br><br>v.<br><br>CHARTER OAK FIRE INSURANCE COMPANY,<br>Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for the CHARTER OAK FIRE INSURANCE COMPANY, defendant named herein, the 14th of July, 2017.

Commissioner of Insurance

Doug Ommen